2008 UT App 225

**SUPERIOR RECEIVABLE SERVICES,**
**Plaintiff and Appellee,**

v.

**James E. PETT, Defendant**
**and Appellant.**

**No. 20070095–CA.**

Court of Appeals of Utah.

June 12, 2008.

Rehearing Denied Sept. 3, 2008.

Charles A. Schultz, Brigham City, for Appellant.

Jonathan P. Thomas and Christopher L. Daines, Logan, for Appellee.

Before GREENWOOD, P.J., THORNE, Associate P.J., and BENCH, J.

## MEMORANDUM DECISION

THORNE, Associate Presiding Judge:

¶ 1 In this debt collection case, James E. Pett appeals the district court's entry of summary judgment ordering him to pay Superior Receivable Services (Superior) for medical expenses, costs, and attorney fees pursuant to a contract. We affirm.

¶ 2 Pett first argues that the district court erred as a matter of law by granting summary judgment against him when there were material facts in dispute. A district court's summary judgment decision presents a question of law that this court reviews for correctness. *See Shaw Res. Ltd., L.L.C. v. Pruitt, Gushee & Bachtell, P.C.*, 2006 UT App 313, ¶ 20, 142 P.3d 560. We agree with Pett that "[a] motion for summary judgment should be granted only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Lovendahl v. Jordan Sch. Dist.*, 2002 UT 130, ¶ 13, 63 P.3d 705. However, we disagree with Pett's assertion that material factual disputes preclude summary judgment in this case.

¶ 3 Pett argues that a discrepancy regarding the amount owed for the services provided is a disputed material fact that should preclude summary judgment. The amount listed in the complaint and the order granting summary judgment was $627. However, in Superior's motion for summary judgment and its supporting affidavit, the amount of the unpaid principal is listed as $572. This $55 discrepancy is explained in the detailed patient ledger attached to the affidavit, which indicates that the initial medical service rendered on May 27, 2004, resulted in a charge of $572. However, pursuant to the services contract, Pett's account incurred regular finance charges over months of nonpayment. The ledger reveals twelve finance charges from September 1, 2004, to September 1, 2005, which brought the total due on the account to $627. While there may have been some confusion below regarding the portion of the $627 that represented principal versus accrued interest, the different amounts did not create a genuine issue of fact because they merely reflected the account balance at different points in time and did not affect the total amount due at the time of summary judgment.

¶ 4 Pett also argues on appeal that the amount of $318 listed on the ledger as "account to collections" is another possible amount constituting the original unpaid prin-

cipal. However, as the district court correctly noted in its order granting summary judgment, there was no dispute that the $318 was attributable to collection costs incurred and was added to Pett's account balance when the service provider referred the account to Superior for collection on November 1, 2005.

¶ 5 Pett's affidavit in opposition to Superior's motion for summary judgment does not dispute that Pett received the services and incurred the initial $572 debt.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Utah R. Civ. P. 56(e). Because Pett failed to raise any genuine issues of material fact in his affidavit related to the core issue of whether he incurred the debt and failed to pay it, he is not entitled to rely on peripheral issues outside the affidavit—such as the different amounts of interest accrued at different points in time—to contest summary judgment on the issue of his liability for the principal itself and the resulting interest accrued at the time of judgment. *See F.M.A. Fin. Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670, 673 (1965) (stating that the mere existence of a dispute as to some question of fact does not preclude the granting of summary judgment because the issue in dispute must be material); *Toomb v. Hepworth*, 737 P.2d 657, 659 (Utah Ct.App.1987) (citing *F.M.A. Financial Corp. v. Build, Inc.*, 17 Utah 2d 80, 404 P.2d 670 (1965), for standard of materiality).

 ¶ 6 Second, in a related argument, Pett claims that the district court erred in weighing the evidence when granting summary judgment. Pett is correct that "[a] trial court is not authorized to weigh facts in deciding a summary judgment motion, but is only to determine whether a dispute of material fact exists." *Pigs Gun Club, Inc. v. Sanpete County*, 2002 UT 17, ¶ 24, 42 P.3d

379. Pett points to the alleged confusion over the principal amount owed, and other peripheral issues, as evidence that the district court must have weighed the evidence in its grant of summary judgment. For example, Superior provided affidavit evidence that Pett's insurer "retracted" a payment on Pett's account because of a direct payment by the insurer to Pett, thereby leaving him with a greater balance. Pett's affidavit counters that he never received a direct payment from his insurer. While Pett's affidavit may raise an inference that the insurer's retraction of payment on his account was improper or that Pett may be owed money by his insurer, it does nothing to counter Superior's factual assertion that the payment was, in fact, retracted.[1]

¶ 7 Rule 56 of the Utah Rules of Civil Procedure requires that a *"genuine* issue as to any *material* fact" be raised to defeat a motion for summary judgment. Utah R. Civ. P. 56(c) (emphasis added); *see also F.M.A. Fin. Corp.*, 404 P.2d at 673. Here, none of the factual issues raised by Pett are both genuine and material to the central questions of whether he received the medical services at issue and whether there remained an unpaid balance on his account. Thus, the district court did not inappropriately weigh the evidence in its determination.

 ¶ 8 Third, Pett argues that the district court erred by viewing the evidence in a light most favorable to Superior. This argument fails because the only evidence on *material* issues presented to the district court was that provided by Superior. Even when viewed in a light most favorable to Pett, Superior's uncontradicted evidence demonstrates that Superior was entitled to summary judgment. Superior provided affidavit evidence establishing that Pett owed an outstanding balance to Superior for medical services provided and that the amount due on the balance included contractual interest, collection costs, and allowable fees, as well as insurance adjustments. Pett's argument to the contrary on appeal consists of his assessment of the district court's conclusions as

---

1. We also note that Pett failed to seek additional time to conduct discovery on the retraction issue or other issues. *See generally* Utah R. Civ. P. 56(f) (allowing trial courts to continue summary judgment proceedings in order to allow discovery).

"inane," along with a rehashing of the insurance retraction issue discussed above. Based on the evidence in the record, with all reasonable inferences drawn from that evidence in a light most favorable to Pett, we agree with the district court's determination that no genuine issue of material fact exists. *See Bear River Mut. Ins. Co. v. Williams,* 2006 UT App 500, ¶ 8, 153 P.3d 798 (" 'When reviewing a trial court's grant of a motion for summary judgment, this court ... considers all evidence and reasonable inferences derived therefrom in the light most favorable to the losing party below.' " (quoting *Forest Meadow Ranch Prop. Owners Ass'n v. Pine Meadow Ranch Home Ass'n,* 2005 UT App 294, ¶ 16, 118 P.3d 871)).

¶ 9 Fourth, Pett argues that the district court erred in denying his motion to strike the affidavit of Wendy Gittins, which was submitted in support of Superior's motion for summary judgment. Pett contends that because Gittins reviewed the documents in Pett's account before writing her affidavit, all the statements in the affidavit are outside her personal knowledge. Pett also complains that Gittins's affidavit states that she had "determined" various facts, which Pett interprets as changing those facts into merely Gittins's opinions or conclusions. Pett argues that these considerations render Gittins's affidavit inadmissable and that the district court erred by using it as a basis for summary judgment. *See generally Brown v. Jorgensen,* 2006 UT App 168, ¶ 20, 136 P.3d 1252 ("Affidavits submitted in support or in opposition to a motion for summary judgment must be based on the personal knowledge of the affiant and may not be considered by the trial court if largely based on unsubstantiated opinions, conjecture, and beliefs.").

¶ 10 We disagree. In her affidavit, Gittins identifies herself as the office manager and the custodian of records for the service provider. She identifies Pett's records as regular business records and bases her statements on her "personal knowledge, memory, and [her] review of [Pett's] account." Gittins's statements provided in her affidavit are therefore made "on personal knowledge" and "set forth such facts as would be admissible in evidence" in accordance with rule 56(e). *See* Utah R. Civ. P. 56(e). Further, to the extent that Gittins's affidavit relies on the service provider's records, those records constitute business records and are not inadmissible hearsay under the circumstances. *See* Utah R. Evid. 803(6) (excepting records of regularly recorded business activity from the prohibition on hearsay); *cf. Sandy City v. Salt Lake County,* 794 P.2d 482, 488 (Utah Ct.App.1990) (allowing affidavit by custodian of public records), *rev'd on other grounds,* 827 P.2d 212 (Utah 1992). Thus, the district court properly denied Pett's motion to strike Gittins's affidavit.[2]

¶ 11 Finally, Pett argues that the district court erred in awarding costs, interest, and attorney fees to Superior. By signing the contract with his service provider, Pett agreed "to pay for all services and supplies rendered to the patient" and also agreed that if his account was assigned to collections he would "pay all collection agency fees, court costs, and attorney's fees" pursuant to the terms of the contract. We conclude that the district court properly interpreted the contract to encompass collection costs and attorney fees below. We also award costs and attorney fees to Superior for this appeal, pursuant to the terms of the contract.

¶ 12 On a separate note, we caution Pett's counsel regarding the language used in his briefs to this court. Our Standards of Professionalism and Civility provide that "lawyers shall treat all other counsel, parties, judges, witnesses, and other participants in all proceedings in a courteous and dignified manner." Utah Standards of Professional-

2. Pett also argues that Gittins's affidavit failed to contain sworn or certified copies of the documents referred to therein. *See* Utah R. Civ. P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."). However, copies of the contract and account ledger referred to in the affidavit were attached thereto, and the sworn substance of the affidavit established that they were a part of Pett's records, of which Gittins was the custodian. Pett fails to explain how Gittins's affidavit is insufficient to certify the documents for purposes of rule 56, and we do not address this argument further.

ism & Civility 1. Pett's appellate brief's description of the district court's ruling as "inane" and "a most incredible leap of illogical, irrational, unreasonable, fallacious, and specious lack of reasoning" fails to grant the district court the dignity and respect it deserves. We also caution that "[e]ven where a lawyer's unprofessionalism or incivility does not warrant sanctions, it often will nevertheless diminish his or her effectiveness," *Peters v. Pine Meadow Ranch Home Ass'n*, 2007 UT 2, ¶ 20, 151 P.3d 962, and in extreme cases can result in the assessment of fees against the offending lawyer or even the striking of substantive arguments to the client's detriment, *see id.* ¶ 9.

¶ 13 For the substantive reasons expressed herein,[3] we affirm the district court's order granting summary judgment to Superior and remand this matter to the district court for a determination of Superior's reasonable attorney fees and costs incurred on appeal.

¶ 14 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and RUSSELL W. BENCH, Judge.

---

3. Although we have expressed concern about the language contained in Pett's appellate briefing, that language is not a basis for our decision in this case.