2011 UT App 392

**Darlene Joy DANTINE and Gerald L. Patterson, Plaintiffs and Appellants,**

v.

**Steve Gregory SHORES and Mary Shores, Defendants and Appellees.**

**No. 20110665–CA.**

Court of Appeals of Utah.

Nov. 17, 2011.

Darlene Joy Dantine and Gerald L. Patterson, Salt Lake City, Appellants Pro Se.

Steve S. Christensen and Craig L. Pankratz, Salt Lake City, for Appellees.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Darlene Joy Dantine and Gerald Patterson appeal orders granting summary judgment in favor of Steve Gregory Shores and Mary Shores, holding Dantine in contempt of court, and awarding attorney fees and costs as a sanction against Dantine. The underlying case originated with a complaint for damages and punitive damages filed by Dantine and Patterson.[1] This case is before the court on the Shoreses' motions for summary disposition and for attorney fees and on our sua sponte motion for summary disposition.

¶ 2 The Shoreses' requests for admission served separately upon Dantine and Patterson stated, in bold type, "Pursuant to Rule 36 of the Utah Rules of Civil Procedure, unless a response is submitted within thirty (30) days after service of these requests all requests are deemed admitted." After over six months, neither Patterson nor Dantine had responded to the requests. Failure to respond to requests for admission will result in the matters being admitted. *See* Utah R. Civ. P. 36(a). "A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request," but must either "deny the matter or set forth reasons why he cannot admit or deny it." *Id.* R. 36(a)(2). "Any matter admitted under [rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Id.* R. 36(b). Once matters have been admitted against a party who fails to respond to requests for admission, "something more than a bare denial is required to convince the court that the admissions should be withdrawn or amended and that the merits of the matter should be argued in court." *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1062 (Utah 1998); *see also Barnes v. Clarkson*, 2008 UT App 44, ¶ 11, 178 P.3d 930 (stating that the trial court does not have discretion to unilaterally disregard admissions and may allow withdrawal or amendment only after preliminary conditions have been met). When no response to the requests for admission had been received after over six months, the Shoreses moved to have the matters deemed admitted, and based upon those admitted facts, moved for summary judgment and an award of attorney fees. Based upon the admitted facts, the district court determined that summary judgment was appropriate because there were no material disputed facts. At no time did Dantine or Patterson move to set aside the admissions. Based upon the admitted facts, summary judgment was appropriate.

¶ 3 The district court correctly found that Dantine was not an attorney and could not represent Patterson—the property owner—in bringing this litigation. Accordingly, the district court found Dantine to be in contempt of court. Utah Code section 78B–6–301 defines the acts that constitute contempt of court as including "acting as a officer, attorney or counselor, of a court without authority." Utah Code Ann. § 78B–6–301(6) (2008). Dantine failed to appear at a hearing on the order to show cause. However, contrary to Dantine's assertions, she was not held in contempt of court for failing to appear. She was held in contempt because she admitted that she represented Patterson in court without any authority to do so and that she was not a licensed attorney.

¶ 4 After entry of the orders being appealed, Dantine filed a document on a form for notices of appeal in which she stated that she was making a "request to set aside." The document was construed by the district court as a motion to set aside the judgments and related orders. Because Dantine did not provide a legal or factual basis for setting aside the orders, the court denied the request to set aside. Dantine has not demonstrated any basis to reverse the district court's denial.

---

1. Although Dantine listed two other cases as related cases on the docketing statement filed in this court, this appeal is limited to a review of Third District Court case number 100908198. To the extent that Dantine raises issues related to a separate civil stalking case, they will not be considered in this appeal. Any issues related to that case must be raised in an appeal from the civil stalking injunction.

¶ 5 The Shoreses liberally construe the docketing statement filed in this court as challenging the credibility of the evidence to support the orders being appealed. However, because the evidence was contained in the admitted facts resulting from Dantine's and Patterson's failure to timely respond to requests for admission, there is no basis for a challenge to that evidence. Next, the Shoreses liberally construe the docketing statement as raising issues related to the denial of a request for postponement. This apparently relates to Dantine's claim of newly discovered evidence from a zoning enforcement officer's alleged statements made on September 2, 2011, which was well after culmination of this case and initiation of this appeal. There is no indication that this allegedly new evidence has been placed before the district court by appropriate post-judgment motion. The Shoreses argue, with record support, that the request for postponement was denied because Dantine did not properly serve it. The request was properly denied.

¶ 6 Dantine argues that the court improperly awarded attorney fees against her and not against Patterson as well. The district court awarded attorney fees based upon Utah Code section 78B–5–825 because Dantine admitted that the action was brought in bad faith and for an improper purpose. Because Dantine did not provide a transcript of the hearing during which the district court explained why it was not also ordering Patterson to pay attorney fees, she has not provided us with an adequate record for consideration of this claim on appeal. Accordingly, without an adequate record, we presume the correctness of the district court's decision on the attorney fees award. *See State v. Mead,* 2001 UT 58, ¶ 48, 27 P.3d 1115.

¶ 7 The district court awarded attorney fees to the Shoreses in the underlying case. The Shoreses request an award of attorney fees incurred on appeal. "When a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Golden Meadows Props., LC v. Strand,* 2010 UT App 258, ¶ 13, 241 P.3d 371 (citations and internal

quotation marks omitted). The district court awarded the Shoreses attorney fees and costs against Dantine only and denied the award against Patterson. Accordingly, we award attorney fees and costs against Dantine only.

¶ 8 Affirmed. We remand to the district court for determination of the amount of attorney fees and costs reasonably incurred on appeal and entry of an award of that amount against Dantine only.