IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Wells Fargo Bank, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110993-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Stratton Jensen, LLC; and | ) | (February 16, 2012) |
| <u>Michael Jensen</u>, | ) | |
| | ) | 2012 UT App 40 |
| Defendants and <u>Appellant</u>. | ) | |
| | ) | |

-----

Fifth District, St. George Department, 110501634
The Honorable Eric A. Ludlow

Attorneys:   Michael Jensen, Hurricane, Appellant Pro Se
   Marlon L. Bates and Christopher C. Hill, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Orme.

¶1   Michael Jensen appeals the district court's order granting Wells Fargo Bank's motion for summary judgment.[1] This matter is before the court on its own motion for summary disposition on the basis that the grounds for review are so insubstantial as not to merit further proceedings and consideration by this court.

¶2   The district court correctly granted Wells Fargo's motion for summary judgment. In the first instance, Jensen failed to demonstrate that any material facts were controverted.

---

1. Jensen filed the notice of appeal on his behalf individually and as "Guarantor for Stratton Jensen, LLC." Accordingly, because no notice of appeal was filed on behalf of Stratton Jensen, LLC, it is not a party to this appeal.

> When a motion for summary judgment is made and
> supported as provided in this rule, an adverse party may not
> rest upon the mere allegations or denials of the pleadings,
> but the response, by affidavits or as otherwise provided by
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial.

Utah R. Civ. P. 56(e); *see also Archuleta v. Galetka*, 2011 UT 73, ¶ 43, 267 P.3d 232. Here, Wells Fargo filed a motion for summary judgment with a supporting affidavit in accordance with the requirements of rule 56 of the Utah Rules of Civil Procedure. However, in his response, Jensen failed to set forth any evidence to controvert the specific facts set forth by Wells Fargo. Instead, Jensen merely raised vague allegations unsupported by the evidence and denials of the material facts set forth by Wells Fargo. These allegations were insufficient to demonstrate that there was an issue of fact material to the issues set forth in the motion for summary judgment.

¶3 Further, Wells Fargo demonstrated that based upon the undisputed material facts, it was entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). Jensen raised two primary issues that he believed precluded summary judgment. First, he argued that Wells Fargo did not demonstrate that it was a holder in due course because it had failed to produce the original note. Jensen has not cited any single jurisdiction that has adopted this "show-me-the-note" argument, and we are aware of none. On the contrary, courts have generally concluded that

> where there is no evidence that photocopies of a note or
> deed of trust are not exact reproductions of the original
> instruments, a party need not present the original note or
> deed of trust and may establish that it is the holder of the
> instruments by presenting photocopies of the note or deed of
> trust.

*Dobson v. Substitute Trustee Servs., Inc.*, 711 S.E.2d 728, 730 (N.C. Ct. App. 2011); *see also* Utah R. Evid. 1003 ("[a] duplicate is admissible to the same extent as an original" unless a question is raised as to the duplicate's authenticity, or it would be unfair to admit the duplicate); *Cadle Co. v. Errato,* 802 A.2d 887, 896 (Conn. App. Ct. 2002) (stating that "the production of a photocopy of a note, rather than the original, may suffice to establish a plaintiff's status as a holder in due course"); *Mark v. Household Fin. Corp. III*, 296 S.W.3d 838, 842 (Tex. App. 2009) (stating that "'a photocopy of a note attached to the affidavit of the holder, who swears that it is a true and correct copy of the note, is sufficient as a matter of law to prove the status of owner and holder of the note absent controverting

summary judgment evidence'" (citation omitted)); *accord McGinnis v. GMAC Mortg. Corp.*, No 2:10cv301-TC, 2010 WL 3418204 at *2 (D. Utah Aug. 27, 2010) ("Utah law on non-judicial foreclosure contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note."). Jensen failed to raise any facts that would bring into question the authenticity of the duplicate. Accordingly, the district court properly relied upon the duplicate in deciding the motion for summary judgment.

¶4     Jensen also argues that the district court erred in relying on the affidavit of a Wells Fargo loan adjuster, which was submitted in support of the motion for summary judgment, because the affidavit was based upon hearsay statements. Specifically, Jensen asserts that the affidavit was not based upon personal knowledge, but instead was based largely on corporate documents. However, the documents relied upon "constitute business records and are not inadmissible hearsay under the circumstances." *Superior Receivable Servs. v. Pett*, 2008 UT App 225, ¶ 10, 191 P.3d 31; *cf.* Utah R. Evid. 803(6) (excepting records of regularly recorded business activity from the prohibition on hearsay). Thus, the district court properly relied on the loan adjuster's affidavit in resolving the motion for summary judgment.

¶5     Affirmed.[2]

_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge

_____

2. To the extent Jensen's memorandum in opposition to the motion for summary disposition could be construed as raising additional issues not specifically discussed above, Jensen has failed to demonstrate that these issues raise a substantial question for review, and are thus rejected.