2013 UT App 255

# THE UTAH COURT OF APPEALS

PORTFOLIO RECOVERY ASSOCIATES, LLC,
Plaintiff and Appellee,
*v.*
CHARLES W. MIGLIORE,
Defendant and Appellant.

Memorandum Decision
No. 20120700-CA
Filed October 24, 2013

Third District Court, Tooele Department
The Honorable Robert W. Adkins
No. 100301459

Ronald Ady, Attorney for Appellant
Christopher J. Rogers, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE JAMES Z. DAVIS concurred. JUDGE
GREGORY K. ORME concurred in the result.

CHRISTIANSEN, Judge:

¶1     Charles W. Migliore appeals the district court's grant of
summary judgment to Portfolio Recovery Associates, LLC (PRA)
and the district court's denial of his motion to amend that
judgment. We affirm.

¶2     In July 2010, PRA filed a complaint alleging breach of
contract against Migliore for failure to pay on a credit account (the
Account) that PRA had purchased from Wells Fargo Bank.
Approximately one year later, PRA moved for summary judgment
on its claim, supporting its motion with affidavits and other
documents. Migliore moved to strike two of PRA's affidavits, and
the district court denied the motion. Thereafter, Migliore submitted

a memorandum opposing PRA's motion for summary judgment, and PRA successfully moved to strike all of the exhibits attached to Migliore's memorandum as inadmissible hearsay. As a result, Migliore's opposition memorandum to PRA's summary judgment motion was unsupported by any admissible evidence or affidavits to controvert PRA's factual allegations.

¶3    On November 3, 2011, the district court granted PRA's motion for summary judgment, concluding that PRA had presented evidence sufficient to establish that it was entitled to judgment as a matter of law on its of breach of contract claim and that Migliore had failed to submit any contrary evidence to raise a genuine issue of material fact for trial. Migliore filed a rule 59 motion to amend the district court's grant of summary judgment. The district court conducted a hearing on the rule 59 motion, ultimately denying Migliore's motion and affirming its prior order. The district court entered final judgment on June 5, 2012, and Migliore timely filed his notice of appeal.

¶4    Migliore's principal argument on appeal is that the district court abused its discretion in denying his motion to strike and subsequently receiving and considering the two affidavits and the attached exhibits in ruling on PRA's motion for summary judgment. We review a district court's decision on a motion to strike affidavits submitted in support of or in opposition to a motion for summary judgment for an abuse of discretion. *See Murdock v. Springville Mun. Corp.*, 1999 UT 39, ¶ 25, 982 P.2d 65; *see also A Good Brick Mason, Inc. v. Spectrum Dev. Corp.*, 2010 UT App 145U, para. 2 (mem.) ("The district court is granted broad discretion to decide motions to strike summary judgment affidavits."). "An abuse of discretion may be demonstrated by showing that the district court relied on an erroneous conclusion of law or that there was no evidentiary basis for the trial court's ruling." *Daniels v. Gamma West Brachytherapy, LLC*, 2009 UT 66, ¶ 32, 221 P.3d 256 (citation and internal quotation marks omitted).

¶5 Migliore first argues that the affidavit of David Sage, a representative of PRA, is inadmissible because the affidavit does not provide a factual foundation for the averments made therein, so that a "trier of fact could not independently assess whether Sage's conclusory assertions were well-founded in fact." Affidavits supporting a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Utah R. Civ. P. 56(e). However, "weighing credibility and assigning weight to conflicting evidence is not part of the district court's role in determining summary judgment." *Martin v. Lauder*, 2010 UT App 216, ¶ 14, 239 P.3d 519. Absent an indication that the averments are obviously outside the personal knowledge of the affiant or otherwise inadmissible, the district court may properly accept the affidavit at face value. *See A Good Brick Mason*, 2010 UT App 145U, para. 3; *see also id.* ("[O]ur role is not to cross-examine the affidavit by conjecture; rather, we take it at face value . . . ." (alteration and omission in original) (citation and internal quotation marks omitted)). Thus, the district court did not abuse its discretion in accepting the Sage affidavit's averments that Sage was a custodian of records for PRA and, by virtue of that position, had knowledge of PRA's business records processes and personal knowledge regarding the Account. *Cf.* Utah R. Evid. 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony.").

¶6 Migliore next argues that Sage's averment that "[the Account] was sold and/or assigned to [PRA] by Wells Fargo Bank" is inadmissible because the assignment document is not attached to the affidavit. *See* Utah R. Civ. P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."). However, the district court determined that Sage had personal knowledge that the Account had been assigned to PRA by Wells Fargo Bank based on his knowledge, memory, and review of PRA's records. *See Superior Receivable Servs. v. Pett*, 2008 UT App 225, ¶ 10, 191 P.3d 31. If

documents are to be introduced through an affidavit, sworn copies of such documents must be attached to the affidavit. *See* Utah R. Civ. P. 56(e). But it does not follow, and rule 56(e) does not on its face require, that all averments in an affidavit be supported by documentation. *Id.* Rather, an affiant may attest to facts within his personal knowledge notwithstanding that documentary evidence may exist to independently show the same facts. *Cf. Weststar Exploration Co. v. Cochrane Res., Inc.*, 2008 UT App 169U, paras. 7–8 (concluding that affidavit testimony that the plaintiff's predecessor-in-interest had been assigned an ownership interest in a pipeline, unsupported by any documents evidencing the assignment, was sufficient to raise an issue of material fact and preclude summary judgment against the plaintiff). Accordingly, the district court did not abuse its discretion in accepting Sage's averment that the Account had been assigned to PRA by Wells Fargo Bank.

¶7      Migliore also challenges the admission of a bill of sale and affidavit regarding the sale of accounts attached to the Sage affidavit. Migliore asserts that these documents are inadmissible hearsay because the Sage affidavit does not provide a proper foundation to admit the documents under the business records exception to the rule against hearsay.[1] *See* Utah R. Evid. 803(6). The district court determined that the Sage affidavit included sufficient foundation to admit the documents as business records. This determination was within the district court's discretion. As discussed above, the district court was entitled to take the

---

[1]Migliore also argues that the affidavit regarding the sale of accounts is insufficient under rule 56(e) of the Utah Rules of Civil Procedure and rule 803(6) of the Utah Rules of Evidence to provide foundation for admission of any business records. However, no business records were attached to the affidavit and it does not appear that PRA introduced the affidavit as a rule 56(e) affidavit. And the district court received the affidavit regarding the sale of accounts as one of the business records attached to the Sage affidavit, not as a rule 56(e) affidavit.

averments in the Sage affidavit regarding Sage's qualifications as a records custodian at face value. Sage attested that he was an authorized representative and custodian of records for PRA and that he was familiar with the manner and method by which PRA maintained its books and records—specifically the manner and method by which it maintained its records of assigned debts. This is a sufficient evidentiary basis for the district court's determination that an adequate foundation existed to receive the attached documents as business records. *See Superior Receivable Servs.*, 2008 UT App 225, ¶ 10 & n.2. The district court therefore did not abuse its discretion in denying Migliore's motion to strike the Sage affidavit and the exhibits thereto.

¶8      Migliore next argues that the affidavit of Miriam Olguin and the documents attached thereto are inadmissible. First, Migliore asserts that the affidavit did not provide an adequate foundation to establish Olguin as a records custodian for Wells Fargo Bank. In her affidavit, Olguin attests that she is the custodian of records for the attached documents and certifies the authenticity of the documents in compliance with the requirements of the business records exception, *see* Utah R. Evid. 803(6). For the same reasons discussed above, we conclude that the district court did not abuse its discretion in accepting these averments and in determining that the Olguin affidavit provided sufficient foundation to admit the attached documents. *See supra* ¶¶ 5–7.

¶9      Migliore also argues that the Olguin affidavit is inadmissible because Wells Fargo Bank reserved the right to designate another custodian of records in the event that an appearance was required. Migliore argues that the affidavit is equivalent to direct testimony by Olguin and that the affidavit is therefore inadmissible unless Olguin herself can be cross-examined. However, our supreme court has observed that, unlike a deponent, an affiant is not subject to cross-examination. *Webster v. Sill*, 675 P.2d 1170, 1172 (Utah 1983). Migliore asserts that our decision should be governed by cases which hold that an affidavit may be struck if the affiant later invokes her Fifth Amendment privilege at a deposition or trial in

order to shield the affidavit testimony from scrutiny. *See, e.g., United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (concluding that the district court properly struck an affidavit after the affiant invoked his Fifth Amendment privilege at his deposition). However, Migliore has never attempted to depose Olguin or any other representative of Wells Fargo Bank in order to test the foundational averments made by Olguin in her declaration. *See* Utah R. Civ. P. 56(e) ("The court may permit affidavits to be supplemented or opposed by depositions . . . ."). Migliore has also not shown, or even suggested, that another Wells Fargo Bank representative would not have been able to establish the necessary foundation to admit the supporting documents. *See* Utah R. Evid. 803(6)(D) (requiring that all conditions of the business records exception be "shown by the testimony of the custodian or another qualified witness"). We conclude that Migliore has identified no legal principle that requires the exclusion of an affidavit under these circumstances, and thus Migliore has failed to demonstrate that the district court abused its discretion in receiving the Olguin affidavit and supporting documents.

¶10    Migliore next argues that the district court erred in granting summary judgment to PRA because PRA's motion for summary judgment and supporting evidence did not establish the elements of its breach of contract claim. We review a district court's grant of summary judgment for correctness. *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Utah R. Civ. P. 56(c). "[A]n adverse party may not rest upon the mere allegations or denials of the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.* R. 56(e). Where the nonmoving party fails to file responsive affidavits or other evidentiary material allowed by rule 56(e), we accept as undisputed the facts presented by the movant. *Scott v. Majors*, 1999

UT App 139, ¶ 17, 980 P.2d 214. However, in evaluating whether PRA is entitled to judgment as a matter of law, we view "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *See Orvis*, 2008 UT 2, ¶ 6 (citation and internal quotation marks omitted). And because PRA would bear the burden of proof on its claims at trial, it "must establish each element of [its] claim in order to show that [it] is entitled to judgment as a matter of law." *See id.* ¶ 10.

¶11    PRA's complaint asserts a breach of contract claim based on the assignment of the Account to PRA by Wells Fargo Bank. "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388. Because Migliore failed to file responsive affidavits or other admissible evidence, the facts are undisputed.

¶12    The account statements attached to the Olguin affidavit establish the existence of a credit account with Wells Fargo Bank, identified by the same number as the Account. In the more than 100 pages of the record containing Wells Fargo Bank account statements spanning over four-and-one-half years, Migliore's name is the only name on the Account. PRA has submitted affidavits from retailers establishing that Migliore used the Account for purchases, which were paid by Wells Fargo Bank and reflected on the Account. The account statements show that as of the time Wells Fargo Bank closed the Account, the Account had exceeded its credit limit, had an outstanding balance of $22,807.56, and was more than $4,000 in arrears. Finally, the Sage affidavit establishes that Wells Fargo Bank assigned the Account to PRA.

¶13    Even viewing the undisputed facts in the light most favorable to Migliore, we conclude that PRA has established a prima facie claim for breach of contract against Migliore. Contrary to Migliore's assertions, the undisputed facts demonstrate the existence of a credit account in Migliore's name, with a balance

owing and in default, which has been assigned to PRA. While Migliore argues that he may merely be an authorized user of the Account, rather than the cardholder, both the district court and this court are constrained to draw *reasonable* inferences from the evidence. *See Orvis*, 2008 UT 2, ¶ 6. There is no evidence in the record before us from which we could infer that there was another cardholder to whom the Account was issued who merely authorized Migliore's use. Accordingly, we conclude that PRA was entitled to judgment as a matter of law.[2]

¶14 Because Migliore failed to introduce any admissible evidence to raise a genuine issue of material fact, and because PRA was entitled to judgment as a matter of law, the district court did not err in granting summary judgment to PRA.[3]

---

[2]We note that Migliore argued below that a credit contract is unenforceable under Utah's statute of frauds without evidence of a written contract between the parties. However, he has abandoned this argument on appeal.

[3]Migliore also argues that the district court could not have properly entered summary judgment for PRA on the basis of Migliore's failure to respond to a set of requests for admission that were largely duplicative of earlier requests Migliore had denied. *See* Utah R. Civ. P. 36(b)(1) (explaining that any request for admission not responded to is deemed admitted). Migliore argues that the these duplicative requests were moot and could not operate as admissions. The district court did not, however, rely upon these admissions in granting summary judgment to PRA, but instead relied on the evidence submitted by PRA in support of its summary judgment motion. Because this challenge does not address the basis of the district court's ruling, we reject it. *See Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 17, 241 P.3d 375.

¶15    Migliore also asserts that the district court abused its discretion in denying his motion to extend time to file reply memoranda in support of his motion to strike the Sage and Olguin affidavits. Migliore argues that the district court used the wrong standard in evaluating his motion to extend time under rule 6(b) of the Utah Rules of Civil Procedure and thereby abused its discretion. However, even if we determined that the district court used the wrong standard, "we will not reverse a judgment merely because there may have been error; reversal occurs only if the error is such that there is a reasonable likelihood that, in its absence, there would have been a result more favorable to the complaining party." *Kilpatrick v. Wiley, Rein & Fielding*, 2001 UT 107, ¶ 50, 37 P.3d 1130 (citation and internal quotation marks omitted). Thus, to merit reversal, Migliore would need to demonstrate that there is a reasonable likelihood that he would have obtained a more favorable result on his motion to strike the Sage and Olguin affidavits if the district court had granted the time extension for Migliore to file reply memoranda. However, Migliore's reply memoranda were attached as exhibits to his rule 59 motion to amend the district court's entry of summary judgment. As a result, the district court had Migliore's reply memoranda before it when it ruled on the rule 59 motion and again rejected Migliore's challenges to the admissibility of the Sage and Olguin affidavits. Accordingly, there is no likelihood that Migliore would have obtained a more favorable result if the district court had granted his request for a time extension to file the memoranda in the first instance. Therefore, any abuse of discretion by the district court in denying that request would be harmless and would not merit reversal. *See State v. Otterson*, 2008 UT App 139, ¶¶ 16, 26, 184 P.3d 604.

¶16    Last, Migliore challenges the district court's denial of his rule 59 motion to amend the grant of summary judgment to PRA. Whether to grant a rule 59 motion for a new trial or to amend a judgment is within the discretion of the district court, "and that decision will be reversed only if the judge has abused that discretion by acting unreasonably." *A.K. & R. Whipple Plumbing &*

*Heating v. Aspen Constr.*, 1999 UT App 87, ¶ 10, 977 P.2d 518 (citation and internal quotation marks omitted). Migliore argues that the district court abused its discretion in denying his rule 59 motion because PRA had not produced evidence of an assignment of the Account from Wells Fargo Bank to PRA. Migliore's argument is premised on his claim that the Sage affidavit was inadmissible. Because we have already concluded that the district court did not abuse its discretion in receiving the Sage and Olguin affidavits and their supporting documents, *see supra* ¶¶ 7, 9, the district court had a reasonable basis to deny Migliore's rule 59 motion. *See Johnson v. Montoya*, 2013 UT App 199, ¶ 19, 308 P.3d 566.

¶17 PRA has requested attorney fees on the basis that "[w]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *See Dantine v. Shores*, 2011 UT App 392, ¶ 7, 266 P.3d 188 (per curiam). Because PRA was awarded attorney fees below and has prevailed on appeal, PRA is entitled to an award of attorney fees and costs reasonably incurred on appeal. *See id.;* Utah R. App. P. 34.

¶18 PRA has also requested augmentation of its award of attorney fees and costs, arguing that Migliore's appeal is without merit and was pursued solely for delay. *See* Utah R. App. P. 33(a) (providing for an award of "just damages" to the prevailing party where an appeal is frivolous or taken for delay). "The sanction for filing a frivolous appeal applies only in egregious cases with no reasonable legal or factual basis." *Cooke v. Cooke*, 2001 UT App 110, ¶ 14, 22 P.3d 1249 (citation and internal quotation marks omitted). "An appeal brought for delay is one marked by dilatory conduct or conduct designed to mislead the court and which benefits only the appellant." *O'Brien v. Rush*, 744 P.2d 306, 310 (Utah Ct. App. 1987). PRA has merely asserted that Migliore's appeal was without merit and prosecuted solely for delay and has not attempted to show that this is an egregious case or one marked by dilatory or misleading conduct. Accordingly, PRA has failed to demonstrate that it is entitled to costs or fees under rule 33, and PRA's request for augmentation of its attorney fee and costs award is denied.

¶19    The district court did not abuse its discretion in receiving the Sage and Olguin affidavits into evidence and did not err in granting summary judgment to PRA on the undisputed facts. Furthermore, the district court did not abuse its discretion in denying Migliore's rule 59 motion, and any error in denying Migliore's motion for an extension of time was harmless. We affirm and remand to the district court for a determination of PRA's attorney fees and costs on appeal.

————