FILED

FEB 20 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. HI-14-1236-KuJuKi |
| | ) | |
| THELLDIEN LINMOE WEGESEND and | ) | Bk. No. 13-01686 |
| WARREN ROBERT WEGESEND, | ) | |
| | ) | Adv. No. 13-90085 |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| THELLDIEN LINMOE WEGESEND; | ) | |
| WARREN ROBERT WEGESEND, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ONEWEST BANK, FSB, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on January 22, 2015
at Pasadena, California

Filed – February 20, 2015

Appeal from the United States Bankruptcy Court
for the District of Hawaii

Honorable Robert J. Faris, Chief Bankruptcy Judge, Presiding

_____

Appearances: Robert L. Stone of Property Rights Law of Hawaii, Inc. argued for appellants Thelldien Linmoe Wegesend and Warren Robert Wegesend; Jesse W. Schiel of Kobayashi Sugita & Goda argued for appellee OneWest Bank, FSB.

_____

Before: KURTZ, JURY and KIRSCHER, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

Chapter 13[1] debtors Thelldine Linmoe Wegesend and Warren Robert Wegesend commenced an adversary proceeding against OneWest Bank objecting to OneWest's proof of claim. The Wegesends alleged that OneWest had no interest in the $980,000 note and mortgage that were the asserted grounds for the claim.

OneWest filed a motion to dismiss the Wegesends' adversary proceeding, and the bankruptcy court converted the dismissal motion into a summary judgment motion for the limited purpose of determining whether OneWest had possession of the original note. The court ruled that there was no genuine issue of fact that OneWest was in possession of the original note endorsed in blank. Based on OneWest's possession of the original note endorsed in blank, the court dismissed the adversary proceeding with prejudice, holding that OneWest was the holder of the note and was entitled to enforce both the note and the mortgage. The Wegesends appealed.

When the bankruptcy court converted OneWest's dismissal motion into a summary judgment motion, the bankruptcy court did not give the Wegesends any opportunity to discover or present evidence in support of their allegation that the original note was not in OneWest's possession. Because the Wegesends did not have a full and fair opportunity to ventilate the issue regarding OneWest's possession of the original note, we must VACATE AND

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

REMAND for further proceedings.

**FACTS**

Unless otherwise indicated, the following facts are not in dispute. In December 2007, the Wegesends financed the purchase of their residence by borrowing $980,000 from IndyMac Bank, FSB. In July 2008, the Office of Thrift Supervision terminated IndyMac Bank's operations, and most of IndyMac Bank's assets were transferred to a new entity known as IndyMac Federal Bank. That same month, IndyMac Federal sent the Wegesends a letter advising them that it had acquired their loan and that their loan payments should be made to IndyMac Federal.

Several years later, after the Wegesends commenced their bankruptcy case in October 2013, OneWest filed a proof of claim for $1.4 million based on the Wegesends' 2007 loan. According to OneWest, it is the successor to IndyMac Federal's rights with respect to the Wegesends' loan.

The Wegesends then commenced their adversary proceeding objecting to OneWest's claim and seeking a determination regarding OneWest's claimed lien against the Wegesends' residence. In their complaint, the Wegesends alleged that IndyMac Bank must have sold its interest in the Wegesend loan to a securitization trust because: (1) that is what IndyMac Bank historically had done with most of the loans in its portfolio; and (2) the copy of the note attached to OneWest's proof of claim reflected that the Wegesends' note had been endorsed in blank by IndyMac Bank thereby making the note payable to the bearer of the original note. The Wegesends posited that there was no reason for IndyMac Bank to have endorsed the note unless it had sold the

3

note to a securitization trust. As for OneWest's claimed lien against their residence, the Wegesends alleged that the lien was unenforceable because OneWest had no rights in the underlying note that the lien was supposed to secure.[2]

In response to the adversary complaint, OneWest filed a Civil Rule 12(b)(6) motion to dismiss. The dismissal motion relied on facts not alleged on the face of the complaint in several respects. For instance, OneWest asserted in the dismissal motion that the Office of Thrift Supervision closed IndyMac Federal Bank in 2009 and, at that time, sold many of the bank's assets, including the Wegesend loan, to OneWest. The motion also sets forth facts regarding the Wegesends' default on their loan obligations, OneWest's commencement of foreclosure proceedings and the Wegesends' commencement of an action in Hawaii's land court seeking to prevent the completion of the

---

[2]The copy of the note attached to the Wegesends' complaint included two allonges. The first allonge was signed by Sandra Schneider as "attorney-in-fact" for the Federal Deposit Insurance Corporation as receiver for IndyMac Federal Bank, and the second allonge was signed by Sandra Schneider as a vice president of OneWest. The first allonge is endorsed to OneWest, and the second allonge is endorsed in blank. Both sides have claimed that the allonges support their various theories and legal arguments. The Wegesends claim that both allonges are invalid and that their existence somehow supports their claim that their loan must have been sold to a securitization trust. Meanwhile, OneWest claims that the allonges support its claim that it is the holder of the note. Either way, the allonges do not appear to improve the Wegesends' chances on appeal. Even if we were to assume that the allonges were invalid for any reason, the Wegesends admit that the note contains an endorsement in blank on its face (rendering the note payable to whoever possesses the original) and thereby rendering the allonges superfluous. On the other hand, if the allonges are valid, they arguably bolster OneWest's assertion that it possesses the original note and is entitled to enforce the note.

4

foreclosure proceedings. OneWest filed a request for judicial notice in support of its dismissal motion indicating: (1) that it filed in the land court a summary judgment motion accompanied by proof that it held the original note, (2) that the Wegesends never responded to OneWest's summary judgment motion, and (3) that the Wegesends commenced their bankruptcy case shortly before the scheduled hearing on OneWest's summary judgment motion.

OneWest also pointed out that both parties agreed that the note had been endorsed in blank, that the note therefore was payable to the bearer, and hence that the party who was in possession of the original note was entitled to enforce it. In further support of its motion to dismiss, OneWest submitted the declaration of one of its attorneys, a Ms. Thao T. Tran, in which she declared that she had received possession of the original note from OneWest, that she had made the original note available for inspection by the Wegesends' counsel Robert Stone in September 2013 in conjunction with the land court action and that he, in fact, had inspected it.

In their opposition to OneWest's dismissal motion, the Wegesends reiterated their theory that their loan must have been sold to a securitization trust and that OneWest thus never acquired the loan when the Office of Thrift Supervision sold IndyMac Federal Bank's assets to OneWest. The Wegesends further argued that OneWest was improperly attempting to introduce facts – which they disputed – regarding possession of the original note. The Wegesends' argument regarding OneWest's asserted possession of the original note was two-fold: (1) it was

5

inappropriate for the court to decide this disputed factual issue in ruling on a Civil Rule 12(b)(6) motion to dismiss; and (2) it was inappropriate for the court to decide this disputed factual issue before the Wegesends were given an opportunity to conduct discovery and present evidence in support of the position that OneWest did not possess the original note.

In their reply brief in support of their dismissal motion, OneWest argued that the bankruptcy court properly could consider all of the materials OneWest had submitted in support of its dismissal motion. According to OneWest, most of the essential documents were attached to and referenced in the Wegesends' adversary complaint or were properly the subject of judicial notice. As for its possession of the original note, OneWest argued that the Wegesends' failure to defend against their summary judgment motion in the land court action and/or their failure to dispute therein OneWest's possession of the original note constituted a judicial admission. In the alternative, OneWest argued that, to the extent any of the materials it had submitted in support of its dismissal motion could not properly be considered in ruling on its dismissal motion, the bankruptcy court should convert the motion to a summary judgment motion and grant OneWest summary judgment.

At the hearing, OneWest's counsel represented to the court that he had brought the original note with him so that the court and opposing counsel could inspect it if they so desired. On the other hand, the Wegesends' counsel represented that his co-counsel, Robert Stone, previously had inspected the note and had concluded that the note presented for inspection was not the

6

original but instead was a copy.

There is nothing in the record to indicate that the bankruptcy court, before ruling, inspected the version of the note OneWest offered to present at the hearing. Rather, the court apparently based its ruling at the hearing on the materials the parties submitted in advance of the hearing. These included the parties' legal briefs on the dismissal motion, the Wegesends' adversary complaint and OneWest's request for judicial notice. The bankruptcy court held that it was proper to convert the dismissal motion to a summary judgment motion for the limited purpose of deciding whether OneWest possessed the original note. The bankruptcy court further held that there was no genuine issue of fact that OneWest possessed the original note. According to the bankruptcy court, how OneWest obtained possession of the original note was irrelevant in light of Article 3 of the Uniform Commercial Code, which generally provides that a party in possession of the original note endorsed in blank is a holder of the note and is entitled to enforce the note. As for OneWest's right to enforce the lien against the Wegesends' residence, the bankruptcy court explained that, under Hawaii law, the mortgage automatically followed the note in terms of who could enforce the mortgage.

The bankruptcy court entered an order dismissing the Wegesends' adversary proceeding with prejudice, and the Wegesends timely filed a notice of appeal.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B), (K) and (O). We have jurisdiction

7

under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court commit reversible error when it converted OneWest's dismissal motion into a summary judgment motion for the purpose of determining whether OneWest held the original promissory note?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's interpretation of the Federal Rules of Civil Procedure. Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013). We also review de novo the bankruptcy court's construction and application of state statutes. Med. Protective Co. v. Pang, 740 F.3d 1279, 1282 (9th Cir. 2013); United States v. Valerio, 441 F.3d 837, 839 (9th Cir. 2006).

## DISCUSSION

In order to have standing to file a proof of claim based on a negotiable promissory note governed by Article 3 of the Uniform Commercial Code ("U.C.C."), the claimant must be a "person entitled to enforce the note" or must be an agent of such person. Allen v. U.S. Bank, N.A. (In re Allen), 472 B.R. 559, 565 (9th Cir. BAP 2012); Veal v. Am. Home Mortg. Serv., Inc. (In re Veal), 450 B.R. 897, 910, 919 (9th Cir. BAP 2011).[3] One way to become a

---

[3]The parties and the bankruptcy court all assumed that the Wegesends' promissory note was a negotiable instrument subject to the provisions of U.C.C. Article 3. Because the Wegesends have not argued in the bankruptcy court or on appeal that their promissory note was governed by something other than U.C.C. Article 3, we may consider this issue forfeited. See Golden v. Chicago Title Ins. Co. (In re Choo), 273 B.R. 608, 613 (9th Cir. BAP 2002).

8

person entitled to enforce the note is to be a "holder" of the note within the meaning of U.C.C. Article 3. See Haw.Rev.Stat. § 490:3-301;[4] In re Veal, 450 B.R. at 910-11. In turn, one way to become a holder of the note is to have possession of the original note endorsed in blank. See Haw.Rev.Stat. §§ 490:1-201(b), 490:3-205(b); In re Allen, 472 B.R. at 567; In re Veal, 450 B.R. at 911.

The bankruptcy court held that there was no genuine issue of fact that OneWest possessed the original note endorsed in blank. OneWest presented to the bankruptcy court declaration testimony supporting its asserted possession of the original note, and OneWest's counsel represented in open court that he had brought the original note to the hearing for inspection if the court or the Wegesends desired to inspect it. Furthermore, the Wegesends presented no contraverting evidence - evidence demonstrating that OneWest was mistaken or lying regarding its possession of the original note. A number of courts have held on similar evidence that the creditor was entitled to summary judgment regarding its asserted possession of the original note and that there is no summary judgment prerequisite for the creditor to present the original note when the obligor under the note has not presented any controverting evidence. See, e.g., F.D.I.C. v. Cashion, 720 F.3d 169, 175 (4th Cir. 2013); Krakauer v. IndyMac Mortg.

[4]The Wegesends' bankruptcy court filings indicate that, at all relevant times, they have been Hawaii residents and that they signed the note and mortgage in favor of IndyMac Bank in Hawaii. Given these undisputed facts, and the fact that the forum state is Hawaii, Haw.Rev.Stat. § 490:1-301(b) applies and provides that Hawaii's version of the U.C.C. governs this matter. See In re Veal, 450 B.R. at 920 n.41.

9

_Servs._, 2010 WL 5174380, \*9 (D. Haw. 2010); <u>Wells Fargo Bank v. Stratton Jensen, LLC</u>, 273 P.3d 383, (Utah App. 2012); <u>Zarges v. Bevan</u>, 652 S.W.2d 368, 369 (Tex. 1983).

Moreover, these decisions are consistent with the general principle that, on summary judgment, if the moving party has presented certain facts as undisputed and has presented evidence in support of those facts, the nonmoving party must specifically challenge those facts as disputed and present contraverting evidence demonstrating the dispute. Otherwise, the nonmoving party may be deemed to have admitted those facts for summary judgment purposes. <u>Beard v. Banks</u>, 548 U.S. 521, 572 (2006); <u>see also</u> 10A Charles A. Wright, Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 2727 (3d ed. 2014) ("If the movant presents credible evidence that, if not controverted at trial, would entitle him to a Rule 50 judgment as a matter of law that evidence must be accepted as true on a summary-judgment motion.").

Put another way, an issue of fact is not an impediment to summary judgment unless it is genuine, and a factual issue is not genuine if, on the evidence presented, the trier of fact only could reasonably decide the issue one way. <u>Far Out Prods., Inc. v. Oskar</u>, 247 F.3d 986, 992 (9th Cir. 2001) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986)). Here, on the record available to the court at the time it heard and determined OneWest's motion, the Wegesends had not presented any evidence that would have permitted the bankruptcy court to reasonably find that OneWest did not possess the original note.

Even so, we do not need to decide here whether there was a

10

genuine issue of fact regarding OneWest's possession of the original note. The controlling issue in this appeal is whether the bankruptcy court correctly converted OneWest's dismissal motion into a summary judgment motion for purposes of determining whether OneWest held the original note.

Civil Rule 12(d), which is made applicable in adversary proceedings by Rule 7012, provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. **All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.**

Civil Rule 12(d) (emphasis added).

While Civil Rule 12(d) specifically requires the court to give the nonmoving party a "reasonable opportunity" to present evidence to counter the moving party's entitlement to summary judgment, formal notice generally is not required. San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998). It will suffice if the nonmovant "is 'fairly apprised' before the hearing that the court will look beyond the pleadings." Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir. 1998) (citing Mayer v. Wedgewood Neighborhood Coal., 707 F.2d 1020, 1021 (9th Cir. 1983)). In other words, the court "need only apprise the parties that it will look beyond the pleadings to extrinsic evidence **and give them an opportunity to supplement the record.**" San Pedro Hotel, 159 F.3d 470, 477 (emphasis added).

Additionally, a bankruptcy court may grant summary judgment without any advance notice "if the losing party has had a 'full

11

and fair opportunity to ventilate the issues involved in the motion.'" In re Rothery, 143 F.3d at 549 (citing Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1439 (9th Cir. 1995)). A litigant is deemed to have had "a full and fair opportunity to ventilate the issues" if that litigant submits to the court matters outside the pleadings and invites their consideration. In re Rothery, 143 F.3d at 549.

Here, the Wegesends were not fairly apprised that the court might dispose of their adversary proceeding by summary judgment, nor did they have a full and fair opportunity to ventilate the controlling issue regarding OneWest's possession of the original note. In response to OneWest's dismissal motion, the Wegesends did not offer any materials beyond the scope of their complaint, and they explicitly objected when OneWest attempted to do so. Moreover, the record reflects that the Wegesends were not given any chance to conduct discovery or present evidence supporting their allegation that OneWest did not possess the original note.

We acknowledge that the Wegesends may have had some opportunity in the land court action to challenge OneWest's asserted possession of the note. However, we know of no reason, factual or legal, why that opportunity there should count against the Wegesends in their adversary proceeding, when the only actions taken by the parties in the adversary proceeding were the Wegesends' filing of their complaint and OneWest's filing of its motion to dismiss.

OneWest contends that the Wegesends' failure to avail themselves of various opportunities in the land court action should count against them – that the Wegesends, in effect,

12

"judicially admitted" that OneWest possessed the original note by not opposing its summary judgment motion in the land court action and by not offering evidence in the land court action specifically controverting OneWest's evidence in support of its possession of the original note. OneWest's judicial admission argument overreaches. It may be true that, in the land court action, when the Wegesends did not challenge the facts OneWest asserted in support of its summary judgment motion, the land court may have been permitted to deem all such facts undisputed for purposes of ruling on OneWest's summary judgment motion. But this does not mean that the Wegesends' activity (or inactivity) in the land court action properly has any bearing in the subsequent proceedings taking place in the bankruptcy court.

At bottom, in presenting its judicial admission argument, OneWest is seeking to confer issue preclusive effect on its factual assertion – its possession of the original note – that never was fully and finally resolved in the land court action. The record reflects that the land court never ruled on OneWest's summary judgment motion and, in fact, that the parties stipulated to the voluntary dismissal of the land court action. Under these circumstances, Hawaii courts would not give any preclusive effect to anything that transpired in the land court action, nor shall we. See generally Exotics Hawaii-Kona, Inc. v. E.I. Dupont De Nemours & Co., 90 P.3d 250, 257 (Haw. 2004) (stating that issue preclusion elements require a final judgment on the merits and a decision on the issue in question that was necessary to the judgment).

Alternately, OneWest argues that we could uphold the

13

bankruptcy court's dismissal of the Wegesends' adversary proceeding under Civil Rule 12(b)(6). According to OneWest, all of the documents it submitted in support of its summary judgment motion either were properly the subject of judicial notice or were attached to and referenced in the Wegesends' complaint. We disagree. The evidence OneWest submitted in support of its assertion that it holds the original note included the declaration of its attorney, Ms. Thao T. Tran, as well as certain documents filed in the land court action. While the bankruptcy court could take judicial notice of the fact that certain documents were filed in the land court action, that does not mean that the bankruptcy court could assume the truth of the "facts" asserted by OneWest in those documents. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992).

The bankruptcy court also could consider the existence and content of documents attached to and referenced in the Wegesends' complaint as exhibits. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Even though the Wegesends attached to their complaint a **copy** of the note, they never admitted that OneWest possessed the **original** note, which is the the controlling issue in this matter. Under these circumstances, OneWest's submission of evidence in support of its asserted possession of the original note constituted "matters outside the pleadings" thereby subjecting its dismissal motion to Civil Rule 12(d) and requiring the bankruptcy court, once it chose to consider those matters, to afford the Wegesends some opportunity to marshal and

14

present evidence regarding OneWest's asserted possession of the original note.[5]

<strong>CONCLUSION</strong>

For the reasons set forth above, we VACATE the bankruptcy court's summary judgment dismissing the Wegesends' adversary proceeding, and we REMAND for further proceedings.

---

[5]We have received and considered OneWest's motion to dismiss this appeal as moot, and the Wegesends' opposition thereto. OneWest claims that this appeal is moot because the principles of res judicata now dictate that the Wegesends cannot prevail in their adversary proceeding. We hereby DENY OneWest's motion. The only question before this Panel is whether the bankruptcy court erred when it dismissed the Wegesends' adversary proceeding. We have answered that question in the affirmative, and we can afford the Wegesends complete relief by vacating the dismissal order and remanding for further proceedings. On remand, OneWest is free to raise any preclusion doctrines it desires to raise, but those preclusion doctrines do not establish that the Wegesends cannot prevail unless and until it is judicially determined that one of the doctrines should be applied against the Wegesends. Because this determination requires the examination of evidence not previously presented and the application of that evidence to the governing legal standards, this determination should be made, in the first instance, by the bankruptcy court and not by this Panel. See generally Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 984 (9th Cir. 2001) (stating that court will not consider issue raised for the first time on appeal absent exceptional circumstances).