IN THE UTAH COURT OF APPEALS

----ooOoo----

State of Utah,                          )        MEMORANDUM DECISION
                                        )
        Plaintiff and Appellee,         )        Case No. 20080672-CA
                                        )
v.                                      )          F I L E D
                                        )        (July 19, 2012)
Matthew A. Mackin,                      )
                                        )        ┌─────────────────┐
        Defendant and Appellant.        )        │  2012 UT App 199 │
                                                 └─────────────────┘

-----

Fourth District, Provo Department, 061401021
The Honorable Samuel D. McVey

Attorneys:      Douglas J. Thompson, Provo, for Appellant
                Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee

-----

Before Judges Voros, Thorne, and Roth.

THORNE, Judge:

¶1      Matthew A. Mackin appeals his convictions on one count of use of a controlled substance, *see generally* Utah Code Ann. § 58-37-8(2)(a)(i) (Supp. 2011), one count of possession of drug paraphernalia, *see generally id.* § 58-37a-5(1)(a), and one count of driving under the influence of alcohol or drugs, *see generally id.* § 41-6a-502 (2010).  On appeal, Mackin argues that the district court erred in denying a motion for new trial that Mackin had filed prior to his sentencing.  We lack jurisdiction over Mackin's arguments, and we therefore dismiss his appeal.

¶2      Mackin's convictions arise from a traffic stop on February 23, 2006, after which he was arrested, booked, and apparently released on bail.  He was charged on March 14

and first appeared in court on April 18.[1] Mackin was appointed counsel at this initial appearance, and on April 19, appointed counsel made a general discovery request to the State. Among the materials sought in this request were "[a]ny audio or video tapes related to this case." On April 26, appointed counsel withdrew from the case and was replaced by conflict counsel. On May 4, conflict counsel filed a specific discovery request for "[a] copy of the tape recording and dispatch calls made by the officer during the stop and subsequent arrest." Mackin also made several pro se requests for tapes in June 2008. No tapes were ever produced.

¶3 The district court held a jury trial on July 8 and 9, 2008, at which Mackin represented himself. On the morning of the second day of trial, the district court received a handwritten motion from Mackin, mailed prior to trial, seeking a mistrial "[d]ue to the fact the State has not been honest about video taped evidence; that can prove the Defendant's innocence; and this evidence has been destroyed." The district court never ruled on the motion, and the jury found Mackin guilty on all three counts against him. After trial, Mackin filed two amended motions for mistrial, raising multiple issues. In these posttrial motions, Mackin argued that the State's failure to produce the tapes violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and that he was therefore entitled to a new trial under rule 24 of the Utah Rules of Criminal Procedure. On August 1, 2008, despite the fact that he had yet to be sentenced, Mackin filed a notice of appeal.

¶4 The district court sentenced Mackin on August 25, 2008, without ruling on the pending posttrial motions. The matter proceeded on appeal pursuant to Mackin's presentencing notice of appeal, and was briefly returned to the district court for a determination of Mackin's indigency. On January 5, 2009, despite jurisdiction of this matter having been returned to this court, the district court held a hearing on Mackin's posttrial motions, made oral findings, and denied the motions. This court subsequently entered a temporary remand order for the district court to enter written findings on Mackin's posttrial motions, which the district court did on January 13, 2011.[2] The

---

[1] By the time of his initial appearance in this matter, Mackin had been jailed in another matter.

[2] In its January 13, 2011 order, the district court addressed Mackin's argument under *Brady v. Maryland*, 373 U.S. 83 (1963). The district court's factual findings

(continued...)

matter returned to this court, and Mackin did not file a new or amended notice of appeal.

¶5    Mackin, represented by appellate counsel, filed his opening brief with this court in April 2011. In that brief, Mackin argues that the State violated his due process rights by destroying or failing to disclose the traffic stop and booking tapes and that the district court erred in denying him a new trial on that basis. The State filed a substantive opposition brief, but shortly before oral argument it also filed a motion to dismiss on jurisdictional grounds. The State argued that this court lacks jurisdiction over Mackin's appeal because he failed to file a notice of appeal or amended notice of appeal from the January 2011 order disposing of his new trial motion. We requested supplemental briefing from both sides on the State's motion.

¶6    Upon consideration of this supplemental briefing, we conclude that the State's motion to dismiss is well taken. Mackin's August 1, 2008 notice of appeal was premature in that it was filed after conviction but before sentencing, but such notices are deemed timely filed as of the day of sentencing. *See* Utah R. App. P. 4(c); *State v. Ingleby*, 2004 UT App 447, ¶¶ 7–10, 104 P.3d 657. Prior to sentencing, however, Mackin filed a timely motion seeking a new trial under rule 24 of the Utah Rules of Criminal Procedure. This motion extended the time for all parties to appeal until the district court disposed of the motion, *see* Utah R. App. P. 4(b)(1)(E), and Mackin's previously filed notice of appeal relates forward to the district court's final disposal of the motion in January 2011, *see id.* R. 4(b)(2). Thus, Mackin's August 2008 notice of appeal vests this court with jurisdiction over "the underlying judgment"—i.e., Mackin's conviction and sentence. *See id.*

¶7    However, the State is correct that Mackin's notice of appeal does *not* vest this court with jurisdiction to consider the district court's denial of his motion for new trial. *See generally id.* ("To appeal from a final order disposing of any motion [extending the time for appeal under] Rule 4(b), a party must file a notice of appeal or an amended

---

[2](...continued)
included findings that Mackin had failed to prove that the traffic stop videos ever existed, that destruction of any tapes that did exist occurred pursuant to routine policies and prior to any discovery request by Mackin, and that the State did not act in bad faith in regard to the requested tapes.

notice of appeal within the prescribed time measured from the entry of the order."). Mackin did not file a new or amended notice of appeal from the district court's denial of his new trial motion,[3] and we thus lack jurisdiction to consider any appeal from that order.

¶8    The question then becomes whether Mackin's current arguments on appeal run to his underlying judgment of conviction and sentencing or to the district court's later denial of his new trial motion. We conclude that Mackin's appellate arguments solely address the denial of his new trial motion. For example, he argues that the district court applied the wrong legal standard in denying his new trial motion and erred in concluding in the January 2011 order that the State did not act in bad faith in regard to the requested videotapes. Mackin's brief concludes, "Because the trial court erred in reviewing Mackin's claim that the State violated his rights under the Due Process Clause this Court should reverse the trial court's findings and order and remand for a new trial." These arguments clearly pertain to the denial of the new trial motion and are not properly before us at this time.

¶9    Mackin never filed a new or amended notice of appeal from the district court's January 2011 order denying his motion for a new trial. Accordingly, we lack jurisdiction to consider the issues Mackin raises on appeal, all of which pertain to that January 2011 order.[4] We therefore dismiss Mackin's appeal for lack of jurisdiction. *Cf.*

---

[3]In Mackin's opposition to the State's dismissal motion, his appellate counsel represents that fault for the lack of an amended notice of appeal lies solely with appellate counsel and that Mackin will seek to reinstate his right to appeal pursuant to *State v. Manning*, 2005 UT 61, 122 P.3d 628. *See generally id.* ¶ 31 (allowing the district court to reinstate the right to a direct appeal where a defendant can establish that he or she "asked his or her attorney to file an appeal but the attorney, after agreeing to file, failed to do so"). While we appreciate counsel's candor, we nevertheless lack jurisdiction over the order denying the new trial motion until Mackin does in fact procure relief from the district court under *Manning*.

[4]We do have appellate jurisdiction over Mackin's case generally pursuant to his August 1, 2008 notice of appeal, but our jurisdiction is limited to issues arising from his conviction and sentence. For example, we would have jurisdiction to consider a

(continued...)

*State v. Reyes*, 2002 UT 13, ¶¶ 3–5, 40 P.3d 630 (dismissing an appeal where the supreme court lacked jurisdiction over the only issue raised by the appellant).

_____
William A. Thorne Jr., Judge

-----

¶10     WE CONCUR:

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
Stephen L. Roth, Judge

---

[4](...continued)
challenge to an evidentiary ruling at trial or to the district court's sentencing decision. However, Mackin does not raise these types of issues or any other alleged error arising from his conviction or sentence, rather than from the district court's denial of his new trial motion.