**2016 UT App 17**

# THE UTAH COURT OF APPEALS

SCOTT EVANS,
Appellant,
*v.*
PAUL HUBER AND DRILLING RESOURCES, LLC,
Appellees.

Memorandum Decision
No. 20140850-CA
Filed January 22, 2016

Fifth District Court, St. George Department
The Honorable G. Michael Westfall
No. 100502995

Kyle W. Jones, Attorney for Appellant

Curtis M. Jensen and Jonathan P. Wentz, Attorneys
for Appellees

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.

TOOMEY, Judge:

¶1    Scott Evans appeals from the district court's order
granting summary judgment in favor of Paul Huber and Drilling
Resources, LLC (collectively, Defendants). We affirm.

¶2    Drilling Resources was a Utah limited liability company,
and Evans and Huber were its only two members.[1] Sometime

---

1. "In reviewing a district court's grant of summary judgment,
we view 'the facts and all reasonable inferences drawn therefrom
in the light most favorable to the nonmoving party' and recite
the facts accordingly." *Ockey v. Club Jam*, 2014 UT App 126, ¶ 2

(continued…)

around June 2008, Evans and Huber agreed to dissolve the company, and to cease conducting any further business and to perform an accounting. Additionally, they agreed to deposit $50,000 into an escrow account to be held pending the accounting and the resolution of all issues related to wrapping up the company.

¶3    In April 2010, Evans filed this lawsuit. He requested inspection of records in order to perform an accounting and alleged breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, and gross negligence. All these claims centered around Evans's allegation that he did not receive the amount of money that he should have received from the dissolution of Drilling Resources. In terms of relief, Evans sought a judgment for "not less than $50,000" and attorney fees. In his initial disclosures, Evans named two certified public accountants as witnesses having discoverable information that could support his claims.

¶4    After the time for expert discovery had closed, Defendants moved for summary judgment, arguing that there was "no dispute as to any material fact regarding the distribution of [Drilling Resources'] remaining capital" and that Evans had "failed to prove any damages." In support of the motion, Defendants attached a declaration and report from Rodney Savage, a certified public accountant who performed an accounting of Drilling Resources' activities from January 1, 2006, to September 30, 2013. Savage's report provided recommendations for the distribution of the company's remaining funds upon dissolution.

---

(…continued)
n.2, 328 P.3d 880 (quoting *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600).

¶5    Evans opposed the motion. In his memorandum in opposition to summary judgment, Evans admitted some facts but disputed other facts regarding Savage's report, asserting "there are many problems with the alleged report as stated." Although Evans's opposition memorandum did not cite any depositions or discovery materials, Evans asserted that at trial he would "be able to prove damages by the named and disclosed witnesses and [would] be able to question and refute the statements of [Savage]." But at no point did Evans provide an expert report or a rebuttal expert to controvert Savage's report.

¶6    The district court granted summary judgment in favor of Defendants, reasoning that Evans "had not properly controverted Defendants' Statement of Facts pursuant to Rule 7 of the Utah Rules of Civil Procedure" and that those facts therefore were deemed admitted. The court then determined that Defendants were entitled to judgment as a matter of law. The court's order also authorized the dissolution of Drilling Resources and expressly adopted the recommendations of Savage's report for the distribution of the remaining company capital, which included a $19,547.41 payment from the escrow account to Evans as final distribution. Evans then filed a notice of appeal.

¶7    Evans also filed a motion for new trial pursuant to rule 59(a) of the Utah Rules of Civil Procedure and for amendment of judgment pursuant to rule 52(b). The court denied Evans's motions.

## I. Summary Judgment

¶8    Evans contends the district court erred in granting summary judgment to Defendants, arguing disputed issues of material fact precluded summary judgment on his claims for breach of contract, breach of the covenant of good faith and fair

dealing, breach of fiduciary duty, unjust enrichment, and gross negligence.[2] According to Evans, "admissions and affidavits show numerous factual issues that should be determined by the trier of fact." We disagree.

¶9     "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶10    Rule 56 of the Utah Rules of Civil Procedure provides that summary judgment is appropriate if the moving party shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c) (2014).[3]

> A summary judgment movant, on an issue where the nonmoving party will bear the burden of proof at trial, may satisfy its burden on summary judgment by showing, by reference to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there is no genuine issue of material fact.

2. Evans's complaint also stated a claim for inspection of records under Utah Code sections 48-2c-114 and 48-2c-115. Because Evans does not argue on appeal that the district court erred with regard to that claim, we do not consider it.

3. Because the relevant rules of the Utah Rules of Civil Procedure have been amended since the filings in this case, we cite the version of the rules in effect when Defendants moved for summary judgment.

*Orvis*, 2008 UT 2, ¶ 18 (quoting Utah R. Civ. P. 56(c) (2008)). "Upon such a showing, whether or not supported by additional affirmative factual evidence, the burden then shifts to the *nonmoving* party, who 'may not rest upon the mere allegations or denials of the pleadings,' but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Utah R. Civ. P. 56(e) (2008)). Thus, in accordance with rule 7 of the Utah Rules of Civil Procedure, the nonmoving party's memorandum opposing summary judgment shall provide, "[f]or each of the moving party's facts that is controverted," "an explanation of the grounds for any dispute, supported by citation to relevant materials, such as affidavits or discovery materials." Utah R. Civ. P. 7(c)(3)(B) (2014). If a nonmoving party does not controvert each fact set forth in the moving party's memorandum, each uncontroverted fact "is deemed admitted for the purpose of summary judgment." *Id.* R. 7(c)(3)(A).

¶11 In support of their motion for summary judgment, Defendants argued that Evans could not prove any damages and was "unable to controvert [Savage's] findings and recommendations or establish any damages or other necessary elements of his causes of action." Evans was required to show damages to prove each of his claims for breach of fiduciary duty, breach of contract, and gross negligence. *See, e.g., Orlando Millenia, LC v. United Title Servs. of Utah, Inc.*, 2015 UT 55, ¶¶ 31, 51, 355 P.3d 965; *Callister v. Snowbird Corp.*, 2014 UT App 243, ¶¶ 11, 16, 337 P.3d 1044; *Portfolio Recovery Assocs., LLC v. Migliore*, 2013 UT App 255, ¶ 11, 314 P.3d 1069. Moreover, to recover on his claim for unjust enrichment, Evans was required to show that Defendants inequitably retained some benefit. *See Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 13, 12 P.3d 580. Similarly, to recover on his claim for breach of the covenant of good faith and fair dealing, Evans had to show that Defendants did something that destroyed or injured his right to receive the fruits of the agreement to dissolve Drilling Resources. *See St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 199

(Utah 1991). In other words, it is undisputed that all of Evans's contested claims on appeal either required him to demonstrate damages as an element of the substantive claim or required him to seek recovery in the form of monetary relief.

¶12 Although, at "the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," by the "summary judgment stage of litigation, more is required." *Stevens-Henager Coll. v. Eagle Gate Coll.*, 2011 UT App 37, ¶¶ 24–25, 248 P.3d 1025. "[I]n the face of a well-supported motion for summary judgment purporting to demonstrate that plaintiff suffered no damages as a matter of law," the plaintiff is required to offer evidence of damages in opposing summary judgment. *See Advanced Forming Techs., LLC v. Permacast, LLC*, 2015 UT App 7, ¶ 11, 342 P.3d 808. Thus, the plaintiff cannot merely rest on the allegations in the complaint; he "'must set forth by affidavit or other evidence specific facts, which for the purposes of the summary judgment motion will be taken as true.'" *See Stevens-Henager*, 2011 UT App 37, ¶ 25 (quoting *Brown v. Division of Water Rights*, 2010 UT 14, ¶ 14, 228 P.3d 747). Accordingly, once Defendants moved for summary judgment on the ground that Evans did not show damages and supported their motion with Savage's report as evidence of an accounting of Drilling Resources' finances, Evans was required to explain the grounds for any dispute and refute by affidavit or other evidence the facts set forth in Defendants' motion. Utah R. Civ. P. 7(c)(3)(B) (2014). He did not do so.

¶13 Instead of offering evidence to support an error in the accounting or to support the proper amount of money owed, Evans's opposition to summary judgment merely rested on allegations in his complaint. For instance, Evans asserted that "[i]t is clear[] at least the $50,000.00 is still being held" by Defendants and that "[t]here is evidence that the damages are at least $65,000.00." Although he asserted there was evidence showing more than $65,000.00 in damages, Evans offered

nothing to support his conclusion—he failed to provide any witness affidavits or any other discovery materials to prove either the fact that damages exist or the amount of those damages.

¶14    Indeed, except for Evans's own affidavit, the only evidence before the court was Savage's declaration and report. But, beyond offering a series of rhetorical questions and stating his general disagreement with Savage's report, Evans failed to refute the facts set forth in Defendants' motion and did not provide or cite any evidentiary support for the alleged defects in Savage's report. *See id.* Rather, Evans argued that he would "be able to question and refute the statements" of Savage's report at trial. Specifically, he claimed that the two certified public accountants listed as witnesses in his initial disclosures would "be used to establish [his] claims as well as the quality, weight and information" of Savage's report. By not attaching affidavits from these witnesses to his opposition to summary judgment, Evans's assertion about their anticipated testimony fell short of explaining "the grounds for any dispute, supported by . . . affidavits or discovery materials." *See id.* Additionally, because discovery had closed, Evans could no longer designate witnesses to counter the accounting offered by Defendants.

¶15    Evans suggests on appeal that his own affidavit, filed long before Savage's report, was sufficient to demonstrate a genuine issue of material fact. But Evans's affidavit, generally averring that Huber received and transferred funds without authorization, does not explain how Savage erroneously analyzed such transfers. As a consequence, Evans's averments do not specifically contradict Savage's evaluation of Drilling Resources' finances and the figures that Savage's accounting produced.

¶16    In short, without offering any witness testimony to controvert the accounting vouched for by Defendants' expert, Evans was stuck with that accounting. Stated another way,

because Evans did not specifically controvert Savage's figures, the district court did not err in deeming those figures to be admitted facts for the purposes of summary judgment. We must therefore accept the accounting offered by Defendants as true—which demonstrates that Evans has no damages, as a matter of law, beyond the payout he has coming. Accordingly, we conclude that the district court did not err in granting summary judgment to Defendants. *See Stevens-Henager*, 2011 UT App 37, ¶ 35 (affirming summary judgment on the ground that the plaintiff failed to provide evidence that could establish its damages).

## II. Amendment of the Pleadings

¶17    Next, Evans appears to contend that the district court erred in not allowing him to amend his pleadings pursuant to rule 15 of the Utah Rules of Civil Procedure. But Evans failed to preserve this issue.

¶18    "In order to have an issue reviewed on appeal, the challenging party must point to record evidence to show that [he] preserved the issue in the trial court." *Williams v. Bench*, 2008 UT App 306, ¶ 31, 193 P.3d 640 (citing Utah R. App. P. 24(a)(5)(A)). Further, the challenging party must demonstrate that the issue was raised timely and was supported by relevant legal authority and evidence. *Id.*

¶19    Evans's opening brief does not contain a citation to the record showing that the issue was preserved in the district court. *See* Utah R. App. P. 24(a)(5)(A). And although Evans claims in his reply brief that he requested permission to amend or supplement his pleadings at the hearing on Defendants' motion for summary judgment, the hearing transcript does not support this claim. Moreover, the record does not indicate that Evans specifically raised the issue of amending the pleadings before

judgment.[4] Because of Evans's failure to preserve his request for leave to amend the pleadings, we do not address this argument on appeal.

### III. Motion for New Trial

¶20    Finally, Evans appears to contend that the district court erred in denying his motion for new trial and for amendment of judgment. We conclude that we do not have jurisdiction to review the merits of Evans's argument.

¶21    Generally, a notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). If a party files a notice of appeal after the entry of judgment, but before entry of an order disposing of a motion for a new trial or motion to amend the judgment, the notice of appeal "is effective to appeal only from the underlying judgment." *Id.* R. 4(b)(2). In such case, to appeal from the postjudgment order disposing of those motions, "a party must file . . . an amended notice of appeal." *Id.*

¶22    Here, Evans filed a notice of appeal after the district court entered summary judgment but before the district court ruled on his motion filed pursuant to rule 52(a) and rule 59 of the Utah Rules of Civil Procedure. But Evans did not file a new or an amended notice of appeal after the court issued its order disposing of his post-trial motion. Accordingly, pursuant to rule 4(b)(2) of the Utah Rules of Appellate Procedure, Evans's notice of appeal "is effective to appeal only from the underlying judgment." Thus, without an amended notice of appeal, we lack

---

4. Evans also suggests in his reply brief that his post-trial motion preserved his argument regarding amending the pleadings. This claim is also unsupported by the record. And in any event, we lack jurisdiction to review arguments raised in Evans's post-trial motion. *See infra* ¶ 20.

jurisdiction to consider his arguments related to his motion for a new trial. *See State v. Mackin*, 2012 UT App 199, ¶ 7, 283 P.3d 997 (concluding that this court lacked jurisdiction over an appeal of the denial of a rule 59 motion where the appellant did not file a new or an amended notice of appeal from the district court's denial of his rule 59 motion).

CONCLUSION

¶23 In sum, because Evans did not properly controvert any facts under rule 7 and rule 56 of the Utah Rules of Civil Procedure, the district court did not err in granting summary judgment to Defendants. We also conclude that Evans did not preserve his argument regarding amending the pleadings and that we lack jurisdiction to review the district court's denial of Evans's post-trial motion. Furthermore, we grant Defendants' request for costs incurred on appeal. *See* Utah R. App. P. 34(a) ("[I]f a judgment or order is affirmed, costs shall be taxed against appellant . . . .").

—————